Case 2:19-cv-00030   Document 40   Filed on 09/23/20 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
September 23, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ISRAEL ORTIZ, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:19-CV-30 |
| § | |
| SGT. GUZMAN, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION

The undersigned is in receipt of Defendant Sergeant C. Guzman's ("Guzman") Motion for Summary Judgment. Dkt. No. 32. The motion was not opposed.

### I. Background

Plaintiff Israel Ortiz ("Ortiz") is housed in the Polunsky Unit in Livingston Texas with the Texas Department of Criminal Justice ("TDCJ"). Ortiz alleges Guzman retaliated against him for exercising his right to file grievances. His claims arise in connection with his previous unit assignment in Beeville, Texas. Dkt. No. 1. On January 28, 2020, the District Court adopted a Memorandum and Recommendation and dismissed claims against all defendants except Guzman. Dkt. No. 29. The District Court retained only Ortiz's claim against Guzman regarding retaliation after the filing of his grievance in March of 2017. Dkt. No. 13. Guzman moved for summary judgment on February 25, 2020. Dkt. No. 32. Ortiz did not oppose the motion.

### II. Summary Judgment Evidence

The summary judgment evidence offered by Guzman includes the following exhibits: A: Plaintiff's Relevant Grievance Records and Disciplinary History (Dkt. No. 32-1, 32-2, 32-3; B: Plaintiff's Inmate Trust Fund Account Banking History from March 2017 through July 2017, Dkt. No. 32-4; C: TDCJ's Relevant Disciplinary Rules and Procedures for Offenders, Dkt. No. 32-5.

Ortiz did not submit evidence in response to Guzman's motion, but his verified complaint, attachments and *Spears* testimony based on personal knowledge serve as competent summary judgment evidence. *See Garrett v. Davis*, No. 2:14-CV-70, 2017 WL 1044969, at *3 (S.D. Tex. Mar. 20, 2017). Like other parts of the record, Plaintiff's verified complaints and *Spears*-hearing testimony must satisfy Federal Rule of Civil Procedure 56(c) in order to be considered at summary judgment. *See Mengele v. AT&T Servs. Inc.*, No. 3:15-cv-3934, 2017 WL 3835871, at *3 (N.D. Tex. Aug. 9, 2017) ("[T]he verified complaint and sworn interrogatory answers of the *pro se* litigant can be considered as summary judgment evidence *to the extent that such pleadings comport with the requirements of current Rule 56(c)*.") (emphasis added) (citations omitted).

The undersigned, therefore, will not consider parts of Plaintiff's verified complaints or *Spears*-hearing testimony that are not made on personal knowledge or that would be inadmissible in evidence. See Fed. R. Civ. P. 56(c)(4). Accordingly, the competent summary judgment evidence in the record establishes the following undisputed facts:

    **a.    Undisputed Summary Judgment Evidence**

- On February 22, 2017 Ortiz was charged with masturbating in public in the shower on the previous day. On February 23, 2017 he was found guilty and received sanctions. Dkt. No. 32-1 at 47.
- Ortiz filed a Step 1 grievance on February 28, 2017 over the shower adjudication and punishment. Dkt. No. 32-1 at 42-43.
- On March 27, 2017 the grievance was denied based on a finding that the guilty verdict was supported by a preponderance of the evidence. Dkt. No. 32-1 at 42-43.
- Ortiz filed a Step 1 grievance on March 19, 2017 claiming that Guzman retaliated against him for filing his February 28, 2017 grievance by pulling him from a hair-cut line and locking him inside a recreation yard, conducting an egregious cell search in which his property was confiscated and damaged; Dkt. No. 32-1 at 35.

- A property room log that documented confiscated property from searches during this time period did not show Ortiz's name following the alleged cell search. Dkt. No. 32-1 at 33.
- On April 27, 2017 Ortiz's grievance was rejected based on a finding that there was no evidence to support a claim of harassment or retaliation. Dkt. No. 32-1 at 36.
- After a March 19, 2017 cell search, Guzman charged Ortiz with possessing contraband including, wires, bleach, copper wire, razor blades, plastic bags, tape, ink in eye drop bottles, broken nail cloppers, altered soap, cleaning chemicals, and latex gloves. Dkt. No. 32-3 at 1. Ortiz was also charged with tampering with a door latch by inserting a broken razor. Dkt. No. 32-3 at 2.
- Ortiz was found guilty March 24, 2017 of these offenses and punished with a loss of good-time credits and other privilege reductions. Dkt. No. 32-3 at 1.
- Ortiz challenged the contraband disciplinary proceeding by filing a Step 1 grievance on March 26, 2017. Dkt. No. 32-2 at 46-47.
- The grievance was denied based on a finding that the guilty verdict was supported by a preponderance of the evidence. Dkt. No. 32-2 at 47.
- Ortiz filed a Step 2 grievance on May 5, 2017 regarding the contraband punishment and the guilty verdict was overturned based on Guzman's failure to respond to Ortiz's questions in the disciplinary hearing. Dkt. No. 32-3 at 8, 13-16.
- Ortiz's ID card was taken from him by Guzman. 32-2 at 29.
- Ortiz filed a Step 1 grievance on March 27, 2017 complaining that Guzman had confiscated his ID, without specifying a date, causing him to miss 90 meals during "two cycle work periods." Dkt. No. 32-2 at 29.
- The grievance was denied on June 9, 2017 based on Guzman having returned the ID and purchases made requiring the card. Dkt. No. 32-2 at 30.

- Ortiz filed a Step 2 grievance dated June 15, 2017 and maintained his ID card was never returned. Dkt. No. 32-2 at 27.
- Guzman's transaction history showed he made purchases requiring an ID in April, May, June and July 2017. Dkt. No. 32-2 at 34-37.
- Ortiz's Step 2 grievance regarding his ID card was denied because 1) his account was never assessed an ID card replacement fee and 2) he had made store purchases. Dkt. No. 32-2 at 28.
- Ortiz filed a Step 1 grievance dated March 4, 2018 complaining that his white drinking cup was taken by Officer Garcia at the direction of Guzman. Dkt. No. 32-2 at 12.
- Ortiz's grievance about his cup was denied based on improper storage of the cup. Dkt. No. 32-2 at 13.
- Ortiz filed a Step 2 grievance about his cup which was denied based on a finding that the issue had been appropriately addressed and Ortiz failed to provide any evidence. Dkt. No. 32-2 at 11.

### III. Legal Standard

#### a. Summary Judgment

Under the Federal Rules of Civil Procedure, summary judgment is appropriate when the court concludes "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As to materiality, "the substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes about facts that "might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* When considering a motion for summary judgment "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. In making this inquiry, the court considers

the record and other documents that could be admissible as evidence under Federal Rule of Civil Procedure 56(c). This includes a verified complaint and sworn hearing testimony. *Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003). "Evidence inadmissible at trial cannot be used to avoid summary judgment." *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992).

The court must view all evidence in the light most favorable to the non-moving party. *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006). Factual controversies must be resolved in favor of the non-movant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "When assessing whether a dispute to any material fact exists, [courts] consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008). "Once the moving party has initially shown 'that there is an absence of evidence to support the non-moving party's cause,' the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial." *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

### b. Qualified Immunity

Government officials performing discretionary functions are entitled to qualified immunity from liability for civil damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). The qualified immunity determination requires a two-step analysis, including: (1) whether the plaintiff has stated a violation of constitutional rights; and (2) the objective reasonableness of the official's conduct. *Salas v. Carpenter*, 980 F.2d 299, 305-06 (5th Cir. 1992). Objective reasonableness is assessed by determining whether the right was clearly established at the time the conduct occurred. *Id.* When a

defendant invokes qualified immunity, it is the plaintiff's burden to satisfy a two-prong test that the defendant violated a constitutional right and that the defendant's actions were objectively unreasonable in light of clearly established law. *Delaughter v. Woodall*, 909 F.3d 130, 137 (5th Cir. 2018).

### c. Retaliation

To sustain a claim for retaliation a person must show 1) he invoked a constitutional right 2) the defendant intended to retaliate against him for the exercise of that right 3) a particular retaliatory adverse act and 4) but for the defendant's retaliatory motive the adverse act would not have occurred. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). This legal test "places a significant burden on the inmate. Mere conclusionary allegations of retaliation will not withstand a summary judgment challenge." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). The plaintiff must show direct evidence of motivation or a chronology of events from which retaliation may be inferred. *Id.*; *Butts v. Martin*, 877 F.3d 571, 589 (5th Cir. 2017) (finding evidence of motive when an officer disciplined plaintiff for wearing a yarmulke). Additionally, the plaintiff must show adverse actions that are not de minimis acts that "would not deter the ordinary person from further exercise of his rights." *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006). When a prisoner was subjected to four straight nights of 20-degree temperatures, the Fifth Circuit found a factual question as to whether a non-de minimis adverse act occurred. *Bibbs v. Early*, 541 F.3d 267, 272 (5th Cir. 2008). A question of material fact as to an adverse act was raised in *Hart* when the plaintiff in claimed in his verified complaint that he was told by prison officers to lie to inspectors and was then disciplined for lying. *Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003). "The verified allegation in Hart's complaint was competent summary-judgment evidence to counter the disciplinary report…" *Id.* Similarly, a question of adverse act has been found when an inmate alleged he was transferred from a low-risk minimum security jail section to a violent inmate section of a jail. *Parker v. Carpenter*, 978 F.2d 190, 192 (5th Cir. 1992). A question of material fact was also raised regarding adverse act in *Jackson* when an

inmate was transferred to a punishment job assignment. *Jackson v. Cain*, 864 F.2d 1235, 1247 (5th Cir. 1989).

Courts have found an insufficiently adverse act when the allegations involved removal from a job and transfer to another prison. *Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir. 1996). Similarly, reduction in library access was an insufficiently adverse act which did not invoke constitutional protection from retaliation. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999).

IV.   Analysis

    a.   Adverse Act

The summary judgment shows extensive internal investigations into Ortiz's claims. Dkt. No. 32-2. The undisputed evidence of a property room log did not show Ortiz's name on the list of confiscated property following the alleged cell search. Dkt. No. 32-1 at 33. While the Parties do not dispute that Ortiz's ID card was taken, the internal investigation concluded Ortiz's identification card was returned to him and the undisputed evidence demonstrates Ortiz made purchases requiring an ID during the time he complained of not having the card. Dkt. No. 32-2 at 34-37.

Ortiz did not rebut any of this evidence with competent summary judgment evidence of his own nor does his *Spears* hearing or verified complaint contain competent facts which rebut this evidence. Dkt. Nos. 1, 12. Other facts that are uncontested by summary judgment evidence, such as Guzman pulling Ortiz from the haircut line and putting him in a recreation area or the confiscation of a single mug, are not sufficiently severe adverse acts to sustain a retaliation claim. *See Morris*, 449 F.3d at 686; *Jones*, 188 F.3d at 325; *Hart*, 343 F.3d at 765.

The undersigned concludes the summary judgment evidence demonstrates an absence of material fact that a non-de minimis adverse act occurred. There is no competent summary judgment evidence of actions sufficient to chill the exercise of a constitutional right to file grievances.[1] *See id.* Therefore, the undersigned recommends the Court conclude Ortiz has failed to carry his burden to demonstrate a violation of a

---

[1] The record demonstrates Ortiz was a prolific filer of grievances throughout the period in question.

constitutional right and that Guzman is entitled to qualified immunity. *See Salas*, 980 F.2d at 305.

## V. Conclusion

The undersigned recommends the Court grant Guzman's motion for summary judgment, Dkt. No. 32, on qualified immunity grounds and dismiss all remaining claims in this proceeding.

Respectfully recommended this 23rd day of September, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).